UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
(ATLANTA DIVISION)

SECURITIES AND EXCHANGE
COMMISSION,

                  Plaintiff,

        v.

MICHAEL K. MOLEN, *et al.*,

              Defendants.

Civil A. No. _____

## CONSENT OF DEFENDANT
## ENVIRO IMPACT RESOURCES, INC., F/K/A
## INDUSTRY SOURCE CONSULTING, INC.

1.      Defendant Enviro Impact Resources, Inc., formerly known as Industry Source Consulting, Inc. ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 13 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Judgment in the form attached hereto (the "Judgment") and incorporated by reference herein, which, among other things, permanently restrains and enjoins

1

Defendant from violations of Section 5 of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e], Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], as specified in the Judgment.

3.      Defendant acknowledges that the civil penalty paid pursuant to the Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant agrees that it shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant agrees that it shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not

be deemed an additional civil penalty and shall not be deemed to change the

amount of the civil penalty imposed in this action.  For purposes of this paragraph,

a "Related Investor Action" means a private damages action brought against

Defendant by or on behalf of one or more investors based on substantially the same

facts as alleged in the complaint in this action.

4.     Defendant agrees that it shall not seek or accept, directly or indirectly,

reimbursement or indemnification from any source, including but not limited to

payment made pursuant to any insurance policy, with regard to any civil penalty

amounts that Defendant pays pursuant to the Judgment, regardless of whether such

penalty amounts or any part thereof are added to a distribution fund or otherwise

used for the benefit of investors.  Defendant further agrees that it shall not claim,

assert, or apply for a tax deduction or tax credit with regard to any federal, state, or

local tax for any penalty amounts that Defendant pays pursuant to the Judgment,

regardless of whether such penalty amounts or any part thereof are added to a

distribution fund or otherwise used for the benefit of investors.

5.     Defendant agrees that the Court shall order disgorgement of ill-gotten

gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d)

of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange

Act [15 U.S.C. § 78u(d)(3)].  Defendant further agrees that the amounts of the

disgorgement and civil penalty shall be determined by the Court upon motion of

the Commission, and that prejudgment interest shall be calculated from no later than May 18, 2017, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). Defendant further agrees that in connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that it did not violate the federal securities laws as alleged in the complaint; (b) Defendant may not challenge the validity of this Consent or the Judgment; (c) solely for the purposes of such motion, the allegations of the complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

6.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

7.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Judgment.

8.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

9.      Defendant agrees that this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.

10.     Defendant will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

11.     Defendant waives service of the Judgment and agrees that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Judgment.

12.     Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts

underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

13.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations."

As part of Defendant's agreement to comply with the terms of Section 202.5(e),

Defendant: (i) will not take any action or make or permit to be made any public

statement denying, directly or indirectly, any allegation in the complaint or

creating the impression that the complaint is without factual basis; (ii) will not

make or permit to be made any public statement to the effect that Defendant does

not admit the allegations of the complaint, or that this Consent contains no

admission of the allegations, without also stating that Defendant does not deny the

allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any

papers filed in this action to the extent that they deny any allegation in the

complaint; and (iv) stipulates solely for purposes of exceptions to discharge set

forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations

in the complaint are true, and further, that any debt for disgorgement, prejudgment

interest, civil penalty or other amounts due by Defendant under the Judgment or

any other judgment, order, consent order, decree or settlement agreement entered

in connection with this proceeding, is a debt for the violation by Defendant of the

federal securities laws or any regulation or order issued under such laws.  If

Defendant breaches this agreement, the Commission may petition the Court to

vacate the Judgment and restore this action to its active docket.  Nothing in this

paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal

or factual positions in litigation or other legal proceedings in which the Commission is not a party.

14.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

15.     Defendant agrees that the Commission may present the Judgment to the Court for signature and entry without further notice.

(Continued on Next Page)

16.    Defendant agrees that this Court shall retain jurisdiction over this

matter for the purpose of enforcing the terms of the Judgment.


Dated: NOV 29, , 2022

                                        Enviro Impact Resources, Inc.,
                                        f/k/a Industry Source Consulting, Inc.
                                        By: Michael M. Molen
                                        Title: Chief Executive Officer
                                        Address: 3610 Mansions Parkway
                                        Berkeley Lake, GA 30096


       On 29ᵗʰ Nov. , 2022, Michael M. Molen, a person known to me,
personally appeared before me and acknowledged executing the foregoing
Consent, with full authority to do so on behalf of Enviro Impact Resources, Inc.,
formerly known as Industry Source Consulting, Inc., as its Chief Executive
Officer.

                                        Notary Public
                                        Commission expires: 08/16/2026

Approved as to form:


Kevin Galbraith, Esq.
The Galbraith Law Firm LLC
635 W. 59ᵗʰ St., Suite 1005
New York, NY 10019
(212) 203-1249
Attorney for Defendant


9

ENVIRO IMPACT RESOURCES, INC.
CERTIFICATE OF CORPORATE RESOLUTION

I, Michael K. Molen, do hereby certify that I am the duly elected and qualified Chief Executive Officer of Enviro Impact Resources, Inc., formerly known as Industry Source Consulting, Inc. ("INSO" or "Corporation"), a Wyoming corporation, and that the following is a complete and accurate copy of a resolution adopted by the Board of Directors of INSO at a meeting held on __11/29__, 2022, at which a quorum was present and resolved as follows:

**RESOLVED:** That Michael K. Molen, an Officer of this Corporation, be and hereby is authorized to act on behalf of the Corporation, and in his or her sole discretion, to negotiate, approve, and make the offer of settlement of the Corporation, attached hereto, to the United States Securities and Exchange Commission ("Commission") in connection with the investigation conducted by the Commission; in this connection, the aforementioned Officer be and hereby is authorized to undertake such actions as he or she may deem necessary and advisable, including the execution of such documentation as may be required by the Commission, in order to carry out the foregoing.

I further certify that the aforesaid resolution has not been amended or revoked in any respect and remains in full force and effect.

IN WITNESS WHEREOF, I have executed this Certificate as a sealed instrument this __29__ day of __November__, 2022.

By: _____
Michael K. Molen
Chief Executive Officer
Enviro Impact Resources, Inc., formerly known
as Industry Source Consulting, Inc.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on __Nov. 29__, 2022.

_____
Michael K. Molen

10